**IT IS ORDERED as set forth below:**

**Date: March 19, 2019**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | **CASE NUMBER: 12-56193-SMS** |
| | : | |
| **JENNIFER LAVETTE BRYANT,** | : | |
| Debtor. | : | CHAPTER 7 |
| _____ | : | _____ |
| **JENNIFER LAVETTE BRYANT,** | : | |
| | : | |
| **Movant,** | : | |
| v. | : | **CONTESTED MATTER** |
| **FIA CARD SERVICES, N.A.; THE IRS;** | : | |
| **REAL TIME RESOLUTIONS, INC. agent** | : | |
| **for JP MORGAN CASE BANK, N.A.; THE** | : | |
| **HABERSHAM OF BUCKHEAD UNIT;** | : | |
| **VINE SOLUTIONS REALTY, LLC; THE** | : | |
| **OAKS AT BUCKHEAD CONDOMINIUM** | : | |
| **ASSOCIATION; VILLE DE VISTA** | : | |
| **HOMEOWNERS ASSOCIATION, INC.;** | : | |
| **M. ANDREW KAUSS AND ROSEANNE** | : | |
| **KAUSS; SUNTRUST MORTGAGE, INC.;** | : | |
| **ATLANTIC 17TH RESIDENTIAL; THE** | : | |
| **BANK OF NEW YORK MELLON; and** | : | |
| **THE OFFICE OF THE UST,** | : | |
| | : | |
| **Respondents**. | : | |
| _____ | : | |

## ORDER DENYING MOTION FOR DAMAGES

Before the Court is the *Motion Damages of Improper Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and Personal Injury* (the "Damages Motion," Doc. 436), filed by *pro se* debtor Jennifer Lavette Bryant ("Debtor") on March 13, 2019. For the reasons set forth below, the Court finds that the Damages Motion should be denied.

### I. Background

Debtor filed a voluntary petition for relief under chapter 7 on March 6, 2012; voluntarily converted her case to one under chapter 11 on December 3, 2012; and the case was re-converted to chapter 7 on March 19, 2014, after Debtor failed to propose a confirmable chapter 11 plan. Docs 1, 45, 307. Debtor received a chapter 7 discharge on May 6, 2015. Doc. 343. The chapter 7 trustee filed the *Trustee's Final Report (TFR)* (the "TFR," Doc. 421) along with fee applications for the trustee, counsel for the trustee, and the accountants for the trustee on October 1, 2018; on November 19, 2018, the Court entered the Compensation Order approving the same. Doc. 423.

#### A. The Prior Resolution of Claims 3–11

The Debtor previously filed a *Motion to Stand All Proceedings Until Georgia Bar Association and all Officials Review/Funds not Administered Until Reviewed* (the "Stay Motion," Doc. 424). A hearing was held on the Stay Motion on December 19, 2018. Debtor was present at the hearing, as was the chapter 7 trustee and counsel for the United States trustee. During the hearing, the chapter 7 trustee and the Debtor recounted the lengthy claims objection process Debtor had undertaken. After the hearing, the Court entered an *Order Denying Motion to Stay Proceedings and Setting a Claims Objection Deadline* (the "Order Denying Stay Motion," Doc. 428). As detailed in the Order Denying Stay Motion, 9 of the 12 claims filed in this case were resolved prior to the hearing on the Stay Motion as follows.

Debtor's objection to Claim 3 was sustained on August 6, 2013, and the claim was disallowed. Doc. 211. The Order sustaining the objection was entered on a no-opposition basis after a hearing on the objection. The Debtor did not assert, nor did the Court find, that the filed claim was the result of fraud. On September 16, 2013, orders were entered sustaining Debtor's objections to Claims 4–6 and 10 (collectively "the September Orders," Docs 239–242). Specifically, Claim 4 was reclassified and reduced from a secured claim in the amount of $3,961.38 to a general unsecured claim in the amount of $3,711.38 (Doc. 242); Claim 5 was reclassified from a priority claim in the amount of $1,175 to a general unsecured claim in the amount of $1,000 (Doc 240); Claim 6 was reduced from $8,014.41 to $7,764.41 (Doc. 239); and Claim 10 was reduced from $22,670.36 to $10,000 (Doc. 241). All of the September Orders were entered on a no-opposition basis after a hearing on the objections. Docs 239–42. Debtor did not assert, nor did the Court find in any of the September Orders that the filed claims was the result of fraud. Claims 7 and 8 were disallowed after movants obtained stay relief (Doc. 251) and no distribution on Claims 9[1] or 11 are proposed because both claimants obtained stay relief in September and October of 2012 (Docs 27, 29, and 421 at 15). Doc. 428 at 2–4. The Order Denying Stay Motion also set a deadline of January 18, 2019 for Debtor to file any objection(s) to claims 1, 2, or 12—which were the only claims remaining that the trustee proposed to make a distribution on where a final order determining the allowed amount of the claim had not been entered. *Id.* at 5–6.

### B. The Claim Objection Motion and Evidentiary Hearing

Debtor filed a *Motion for Objections to Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and Requesting Compensation for Fraudulent Claims,* (the "Objection" Doc. 430) on January 18, 2019. In the Objection, Debtor asserted that Claims 1 and 3–11 were fraudulent and requested

---

[1] Claim 9 was also withdrawn by SunTrust Bank on January 28, 2019. Doc. 431.

unspecified compensation for the filing of those claims; requested the proofs of claim for Claims 1, 2, and 12 again; objected to the compensation for the chapter 7 trustee and requested proof of the administration of the estate; objected to the compensation for the attorney and the accountant for the chapter 7 trustee; and asserted that special counsel's claim was fraudulent and also requested compensation for the filing of that claim. Doc. 430.

On February 4, 2019, the Court entered an *Order Denying Motion in Part and Notice of Hearing* (the "Objection Order," Doc. 432). The Objection Order overruled Debtor's objections with respect to Claims 3–11, denied relief to the extent Debtor requested reconsideration of the Court's prior orders approving applications for compensation for the Trustee, professionals retained by the trustee, and special counsel; and set Debtor's remaining objections to claim 1, filed by FIA Card Services ("FIA"); claim 2, filed by the IRS; and claim 12, filed by the United States trustee, for evidentiary hearing. Doc. 432. Prior to the hearing, FIA filed a *Statement of No Opposition Response to Motion for Objection to Claim 1* (the "FIA Response," Doc. 435). The evidentiary hearing was held on March 13, 2019. Debtor appeared, as did the chapter 7 trustee and counsel for FIA. No appearance was made by or on behalf of the IRS or the United States trustee. At the hearing, Debtor entered one exhibit into evidence—her 2011 tax return—and declined to testify or enter any further evidence into the record.

The Court entered an *Order Granting Debtor's Motion in Part and Denying in Part* (the "Second Objection Order," Doc. 437) on February 15, 2019. The Second Objection Order sustained Debtor's objection to Claim 1 based upon the FIA Response and counsel for FIA's representation at the hearing that FIA did not oppose disallowance of its claim and overruled Debtor's objections to claims 2 and 12 because Debtor failed to present sufficient evidence to

overcome the *prima facie* validity of those claims at the hearing. Doc. 437. The Damages Motion was filed on March 13, 2019. Doc. 436.

### II. Analysis

In the Motion, Debtor asserts that she is "seeking damages for personal injury of improper claims placed in the court." Doc. 436. Debtor also states that she "is seeking criminal charges for improper claims and reimbursement." *Id.* The Damages Motion is devoid of factual and legal allegations. It does not specify the amount of damages or the legal theory under which Debtor believes she is entitled to them, nor does Debtor specify the parties against whom she is seeking such damages. The Damages Motion also fails to state which crimes Debtor believes were committed, which parties committed those crimes, or whether she is seeking relief from this Court based on the allegedly criminal conduct. Debtor did attach several documents to the Damages Motion but fails to explain how those documents are relevant to her claims.

#### A. Debtor's Request for Compensation

As stated in the Objection Order, "[a] party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding." FED. R. BANKR. P. 3007(b). Bankruptcy Rule 7001(1) provides that any "proceeding to recover money or property . . ." is an adversary proceeding and must be brought as such. FED. R. BANKR. P. 7001(1). Accordingly, the Damages Motion is not the proper vehicle for Debtor to seek compensation from the claimants. Further, "personal injury tort . . . claims shall be tried in the district court in which the bankruptcy case is pending . . . ." 28 U.S.C. § 157(b)(5). Debtor does not specify which personal injury tort claims she is asserting; which claimants she is asserting her claims against; or whether she is requesting a trial. But, to the

extent Debtor is seeking a trial on any personal injury tort claims, the bankruptcy court is not the appropriate venue for such trial. Debtor's request is therefore denied.

### B. The Court Does Not Have Jurisdiction Over Criminal Matters

Last, Debtor states that she is "seeking criminal charges for improper claims." The Damages Motion does not enumerate what specific criminal charges Debtor is seeking against whom, nor does Debtor indicate in the motion whether she is asking this Court to determine whether any of the claimants have engaged in criminal conduct by filing their claims. But, "as a civil court and a court in equity, [this Court] has no authority to impose" relief based on claims that are criminal in nature. *In re Laosebikan,* No. 14-1024-WHD, 2014 WL 4080279, at *3 (Bankr. N.D. Ga. June 9, 2014) (citing *In e Szabo Contracting, Inc.,* 283 B.R. 242, 255 (Bankr. N.D. Ill. 2002) ("All federal criminal jurisdiction is vested solely in the district court and not in the bankruptcy court"); *see also* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine all cases *under title 11* and all core proceedings *arising under title 11*, or arising in a case *under title 11*, referred under subsection (a) . . .") (emphasis added). Thus, to the extent Debtor is requesting relief based upon criminal law in the Damages Motion, such relief is denied.

Accordingly, it is

**ORDERED** that the Damages Motion is **DENIED.**

The Clerk is directed to serve a copy of this Order upon Debtor, all creditors and parties in interest, the chapter 7 trustee, counsel for the chapter 7 trustee, the United States trustee and the parties on the attached distribution list.

**END OF DOCUMENT**

**Distribution List**

Debra Wall, Officer
FIA Card Services as successor to Bank of America
4161 Piedmont Parkway
Greensboro, NC 27410

FIA Card Services , N.A.
1100 N King St.
Wilmington, Delaware 19884
United States

Bank of America, N.A.
C T Corporation System, Reg. Agent
289 S Culver St, Lawrenceville, GA,
30046-4805, USA

Brian T. Moynihan, CEO
Bank of America, N.A.
150 N College St; NC1-028-17-06
Charlotte, NC 28255

Abbey Ulsh Dreher
Counsel for Bank of America, N.A.
Barrett Daffin Frappier Turner Engel LLP
Suite 100
4004 Belt Line Road
Addison, TX 75001

S. Andrew Shuping, Jr.
Counsel for Bank of America, N.A.
Shuping, Morse & Ross, LLP
Suite 100 - Lincoln Park
6259 Riverdale Road
Riverdale, GA 30274

Lisa D. Smith, Bankruptcy Specialist
Internal Revenue Service
401 W Peachtree St, NW
Atlanta, GA 30309

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

United States Attorney
Attention: Civil Process Clerk
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta, Georgia 30303-3309

James H. Brunson
Office of Chief Counsel, IRS
Suite 1400 - STOP 1000-D
401 W. Peachtree St., NW
Atlanta, GA 30308-3539

The Office of the United States Trustee
Attn: Alisa Streete, Bankruptcy Analyst
362 Richard B. Russell Building
75 Ted Turner Dr., S.W.
Atlanta, GA 30303